UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
UNITED STATES OF AMERICA

                                                             09 CR 196

     v.

                                                             <u>ORDER ADOPTING
REPORT AND
RECOMMENDATION</u>

JACOB SWEENEY,

               Defendant.

---------------------------------------------------X

A P P E A R A N C E S
BENTON J. CAMPBELL, ESQ.
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Sree Vamshi Reddy
Attorney for the United States

FEDERAL DEFENDERS OF NEW YORK
16 Court Street, 3rd Floor
Brooklyn, NY 11201
By:    Dierdre von Dornum
Attorney for Defendant

JOHNSON, Senior District Judge,

       Defendant Jacob Sweeney ("Defendant" or "Sweeney") is charged in a two-count indictment with bank robbery and conspiracy to commit bank robbery. On October 7, 2009, Sweeney filed a motion to suppress an out-of-court identification (the "Motion"). Specifically, Sweeney argues that the photographic lineup presented

1

to the witnesses was impermissibly suggestive, as one witness described him as having "pouty lips like Arnold from 'Diff'rent Strokes,'" and none of the other men pictured had such a feature. (Def. Mot. to Suppress at 5.) Defendant additionally argues that, because the robber's face was partially concealed on surveillance videos by his wearing a fisherman's hat, police officers "must have recognized that [the robber's] most distinctive and noticeable characteristics [*sic*] was the shape of his lips," and should have included more pouty-lipped men in the lineup. (Id. at 6.)

The Motion was referred to Magistrate Judge Steven M. Gold for a Report and Recommendation, who, on January 11, 2010, held a hearing (the "Hearing") and orally issued a Report and Recommendation (the "Report") denying Defendant's motion. (Docket No. 28 at 158-162.) Judge Gold found that there is no evidence "that the video surveillance . . . indicates anything unusual about the level of pout in the robber's lips" and, moreover, that there is nothing "striking or unusual about the defendant's lips as compared to those of the others in the array." For the reasons stated herein, this Court affirms and adopts the Report in its entirety.

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo* review of those portions of the record to which objections are made, the district court judge

may affirm or reject the recommendations. See id. The Court is not required to review, under a *de novo* or any other standard, the factual and legal conclusions of the magistrate as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, objections to Magistrate Gold's recommendation were due within two weeks of receipt of the transcript of the Hearing. While the Court is unaware of when parties actually received the transcript, the transcript bears a docket entry date of January 27, 2010, which will serve as the date of constructive receipt for the purpose of this order. As more than a month has elapsed since the transcript was available and no objections have been filed, the Court adopts and affirms Judge Gold's Report in its entirety.

SO ORDERED.

DATED: March 2, 2010 _____/s/_____
      Brooklyn, New York       Sterling Johnson, Jr, U.S.D.J.