

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DAS:VR
F.#2008R02212

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

November 3, 2010

**BY HAND, EMAIL AND ECF**

John J. Lanigan
United States Probation Officer
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201

       Re:  United States v. Jacob Sweeney
            Criminal Docket No. 09-196 (SJ)

Dear Officer Lanigan:

      The government submits this letter in response to the defendant's letter objecting to the presentence investigation report ("PSR") in the above-captioned matter.[1]

      The defendant objects to the PSR's description of the offense conduct in paragraphs five and six, claiming that he never entered the bank but only drove the getaway car.  Def.'s Ltr. dated Oct. 13, 2010.  For this same reason, the defendant also objects to the three-level enhancement in the Guidelines base offense level for brandishing a dangerous weapon during the commission of the bank robbery, PSR ¶ 19, and the PSR's failure to accord the defendant a three-level reduction for acceptance of responsibility, PSR ¶ 15.  Id.  Based on these calculations, the defendant submits that the total offense level should be 20 rather than 26, and the resulting Guidelines range 33 to 41 months, rather than 63 to 78 months as set forth in the PSR. Id.; PSR ¶¶ 32, 76.

      The government concurs with the Probation Department's calculation of the Guidelines range in the PSR.  The government is prepared to prove by a preponderance of the evidence that, on December 6, 2008, the defendant entered the Washington Mutual Bank located at 192 Smith Street in Brooklyn, approached a victim

---

      [1]  Although the defendant's letter is dated October 13, 2010, the defendant failed to file this letter on ECF, and the government first received notice of the defendant's letter yesterday, by email, from the Probation Department.

teller with his hand wrapped in a green towel, simulating a weapon, and demanded money from the victim teller. PSR ¶¶ 5-6, 15. Indeed, shortly after the robbery, the victim teller identified the defendant in a photographic lineup as the bank robber who approached him on the day of the robbery and demanded money. PSR ¶ 11. This identification procedure was the subject of a pretrial Wade hearing conducted before the Honorable Steven M. Gold on January 11, 2010. Judge Gold denied the defendant's application to suppress the victim teller's pretrial identification of the defendant. Judge Johnson adopted Judge Gold's Report and Recommendation in its entirety. See Order dated March 2, 2010 (Docket No. 29).

Although the defendant pleaded guilty, during his plea colloquy, he falsely denied being present inside the bank, and falsely testified that his role was limited to driving the getaway car. Accordingly, as the defendant was not truthful in the course of his guilty plea allocution regarding the conduct comprising the offenses of conviction, the defendant is not entitled to a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. See U.S.S.G. § 3E1.1, cmt. n.1(a) (acceptance of responsibility adjustment may apply when a defendant "truthfully admit[s] the conduct comprising the offense(s) of conviction" but not when a defendant "falsely denies, or frivolously contests, relevant conduct that the court determines to be true"). Moreover, because the defendant provided materially false information to the Court during his plea colloquy, he should receive a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. See U.S.S.G. § 3C1.1, cmt. n.4(f) (the obstruction of justice adjustment applies to conduct involving "providing materially false information to a judge or magistrate").

        The government takes no position with respect to the defendant's objections to paragraphs 41, 61 and 73 of the PSR.

        Sincerely,

        LORETTA E. LYNCH
        United States Attorney
        Eastern District of New York


By:      /s/
        SreeVamshi C. Reddy
        Assistant U.S. Attorney
        (718) 254-6276

cc:  The Honorable Sterling Johnson, Jr. (by ECF and hand delivery)

    Dierdre von Dornum, Esq. (by ECF and hand delivery)