UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                 09 CR 196 (SJ)

    -against-

JACOB SWEENEY

              Defendant.

-------------------------------------------------------------X

**DEFENDANT JACOB SWEENEY'S  SENTENCING MEMORANDUM**

                                                 Richard H. Rosenberg
                                                 Attorney for Jacob Sweeney
                                                 217 Broadway----Suite 707
                                                 New York, New York   10007
                                                 212-586-3838

*Introduction*

Defendant Jacob Sweeney is scheduled to be sentenced on March 9, 2011 following his conviction by guilty plea to both counts of a two count indictment charging him with Bank Robbery Conspiracy in violation of 18 U.S.C. § 371 and Bank Robbery in violation of 18 U.S.C.§ 2113 (a).

The defendant was arrested on these charges on March 19, 2009. He has been incarcerated since November 10. 2010.

While the sentencing guidelines are now advisory post United States v. Booker, 125 S. Ct. 738 (2005) and are but one of five factors to be considered in determining a sentence, district courts are nevertheless directed to determine the applicable guidelines range and consider it along with all the factors listed in 18 U.S.C. § 3553 (a). United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Accordingly, the first part of this memorandum will address the guideline issues raised in the pre-sentence report, as well as objections, comments and corrections to the report.

*Comments and Objections to the Pre-Sentence Report*

¶ 15: The defendant has previously objected by prior counsel to the Probation Department's denial of acceptance of responsibility based on the government's assertion that the defendant did not truthfully admit his full participation in the bank robbery that occurred on December 6, 2008. Defendant Sweeney maintains that he was instructed by his counsel on the day of his plea to allocute that he remained outside the bank as a get-away driver while a co-conspirator entered the bank. In

2

fact, as he now admits and takes responsibility for, he did enter the bank and, with a cell phone wrapped in a green wash cloth in hand, demanded money of a teller.

Nonetheless, the defendant's guilty plea satisfied all elements of the counts to which he pleaded guilty and does now admit the conduct ascribed to him by the government. He should be granted the three level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1

¶ 23 (PSR Addendum): The defendant objects to the two level enhancement of obstruction of justice pursuant to U.S.S.G.§ 3C1.1. Again, this relates to the defendant's plea allocution. By following the advice of counsel, Mr. Sweeney had no intention to deceive the court or avoid acceptance of responsibility.

¶ 35: This paragraph relates that the arrest report for defendant's March 1998 arrest indicates that the defendant was in possession of a gun. Defendant advises that this is not correct; that there was no handgun found or handgun charged as part of the offense.

¶ 62: The defendant's best recollection now is that his employment with New York Waste began in the fall of 2004.

¶ 73. As noted in the Probation Department's addendum, the defendant was represented by Federal Defenders. Current counsel is court appointed through CJA.

*The Guideline Sentence Range*

The Pre-sentence Report calculated the defendant's guidelines based upon an adjustment for obstruction of justice and no reduction for acceptance of responsibility. Accordingly, what would have been an advisory guideline range of 46 - 57 months has been dramatically increased to an offense level 28 with an advisory sentence range of 78 to 97 months. . For the reasons that follow a non-guideline sentence is appropriate in this case.

3

*Post-Booker Sentencing Considerations*

As this court is well aware, while the sentencing guidelines provide a sentencing court with a "starting point and the initial benchmark", Gall v. United States, 128 S. Ct. 586 (2007), a sentencing court must now consider all of the 18 U.S.C. § 3553 (a) factors, not just the guidelines, in determining a sentence that is minimally sufficient to meet the goals of sentencing set forth in 18 U.S.C. § 3553 (a) (2): justice, deterrence, incapacitation and rehabilitation. United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

The requirement that a court impose a "sufficient, but not greater than necessary" sentence to achieve those goals sets a limit on the sentence that a court may impose. Further, in determining whether and to what extent imprisonment is appropriate based on § 3553 (a) factors, the court is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (a).

An examination of the defendant's strong work history over the past seven years, lack of criminal history points and the singular nature of the current charges along with the factors delineated in § 3553(a) suggests that a non-guideline sentence in this case is sufficient to meet the sentencing goals of the statute.

*The Defendant's Background, Character and Circumstances of the Offense*

Under 18 U.S.C.§ 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing and appropriate sentence."

Jacob Sweeney is a 31 year old native of Brooklyn, New York who had a difficult childhood with the early loss of his father and turbulent teen years. Yet, as an adult he has

4

demonstrated an ability over the past seven years to maintain both a stable personal life and a steady work history. As the annexed letters demonstrate, Mr. Sweeney enjoys the support and admiration of his long time significant other as well as family members for his commitment to hard work and caring for others. Significantly, his last employer has also written to the court and has described Mr. Sweeney as one of their "best" employees, "reliable", "courteous" and a "pleasure" to have in the company. Clearly, Mr. Sweeney has made a lasting a good impression on those who know him and have worked with him.

***The need for the sentence imposed to achieve the goals and objective of 18 U.S.C. §3553 (a):***

The statute directs the court, in determining sentence, to consider the need for the sentence to promote respect for the law, provide just punishment, afford adequate deterrence to further criminal conduct and protect the public from further crimes of the defendant.

The instant offense, while serious and not to be minimized, does not appear to reflect a pattern or commitment to illegality as a way of life. Surely, a term of imprisonment will be called for. However, the adjusted total guideline range 78 to 97 months, driven that high by Probation's recommendation of loss of acceptance points and obstruction, is more than what is minimally needed to deter Mr. Sweeney and others, protect the public or promote respect for the law. . Without those adjustments, and based solely of the offense of conviction, Mr. Sweeney's advisory guideline range would be 46 to 57 months. At that, the low end of that range would be more than minimally necessary to achieve the goals of sentencing.

5

*Conclusion:*

It is respectfully urged that in determining a sentence that is both reasonable and sufficient to achieve the goals of sentencing, that the court consider the aforementioned background and character of the defendant, his steady work history, the singular nature of the offense conduct as a basis for imposing a non guideline sentence of 46 months or less.

Respectfully submitted,

Richard H. Rosenberg

cc.: SreeVamshi G. Reddy, Esq., AUSA
John J. Lanigan, U. S. Probation