UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

UNITED STATES OF AMERICA,

                                                09 CR 196 (SJ)

   v.

                                                **MEMORANDUM &**
                                                **ORDER**

JACOB SWEENEY,

       Defendant.

--------------------------------------------------X

A P P E A R A N C E S

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
By:   SreeVamshi Reddy
       Assistant United States Attorney
Attorney for the Government

RICHARD H. ROSENBERG
217 Broadway, Suite 707
New York, NY 10007
Court Appointed Counsel
Attorney for Defendant

JOHNSON, Senior District Judge:

      In May 2010, Defendant Jacob Sweeney ("Defendant") pleaded guilty to conspiracy to commit armed bank robbery and armed bank robbery of a Washington Mutual Bank branch in violation of 18 U.S.C. §§ 371 and 2113(a),

1

respectively. The parties dispute the calculation of the correct offense level and advisory Sentencing Guidelines range: specifically, whether Defendant warrants (1) a 2-point increase for obstruction of justice, see U.S.S.G. § 3C1.1 (2010), or (2) a 3-point decrease for acceptance of responsibility, see id. § 3E1.1. A Fatico[1] hearing was held on April 15, 2011, during which two witnesses, including Defendant, testified. Based on the evidence and the parties' submissions, the Court applies the 2-point increase for obstruction of justice and denies a 3-point increase for acceptance of responsibility. Accordingly, the correct Guidelines range, including all enhancements, is 78 to 97 months.

I. **Obstruction of Justice**

Under U.S.S.G. § 3C1.1, a 2-level increase in the offense level applies if "the defendant willfully obstructed or impeded . . . the administration of justice with respect to . . . sentencing, and the obstructive conduct related to the defendant's offense of conviction and any related conduct[.]" "Providing materially false information to a judge or magistrate judge" is an example of the type of conduct to which this adjustment applies. U.S.S.G. § 3C1.1 cmt. n.4(F). The false information is "material" when "if believed, [it] would tend to influence" a defendant's sentence. Id. § 3C1.1 cmt. n.6. The Government is required to prove the facts necessary to support a § 3C1.1 enhancement by a preponderance of

---

[1] See United States v. Fatico, 603 F.2d 1053, 1057 n.9 (2d Cir. 1979).

the evidence only. See United States v. Hernandez, 83 F.3d 582, 585 (2d Cir. 1996). "Where the district court finds that the defendant has clearly lied in a statement made under oath," the court need only "point to the obvious lie and find that the defendant knowingly made a false statement on a material matter." United States v. Lincecum, 220 F.3d 77, 80 (2d Cir. 2000).

The Court finds that the Government has met its burden. During his plea allocution, Defendant testified that he "never" went into the bank during the robbery and that his role was limited to driving the getaway car. (Plea Hr'g Tr. 23:20–24:12, May 7, 2010 (Docket No. 39).) At the Fatico hearing, however, Defendant admitted that he had entered the bank and, using a cellphone wrapped in a green towel, demanded money from a teller. (Fatico Hr'g Tr. 28:14–29:1, Apr. 15, 2011.) The Court credits the latter testimony because a teller who was present in the bank branch during the robbery identified Defendant in a photographic lineup. The Court agreed with Chief Magistrate Judge Steven M. Gold that this identification was not unduly suggestive and denied Defendant's motion to suppress. (See Order Adopting Report & Recommendations (Docket No. 29).)

The Court also rejects Defendant's argument that his previous counsel, Assistant Federal Defender Deirdre von Dornum, advised him to lie during his plea allocution. In a sworn affidavit, von Dornum stated, "I at no point instructed him to allocute that he remained outside the bank as a get-away driver." (von Dornum Affidavit ¶ 2, Apr. 4, 2011 (Docket No. 52).) Von Dornum also credibly testified

at the Fatico hearing that: (1) when she met with Defendant to advise him regarding the plea allocution, she told him to tell the truth to Magistrate Judge Gold; (2) she advised him as to the legal implications of going inside the bank versus staying outside the bank during the robbery; and (3) she did not tell him to lie. (Fatico Hr'g Tr. 6:13–22, 10:21–25, 12:16–21.) Yet Defendant did lie when he told Magistrate Judge Gold that he "never" entered the bank branch during the robbery and only drove the getaway car.

The Court finds that Defendant knew his statements to Magistrate Judge Gold were false, and he was aware of the potential sentencing consequences of denying his presence in the bank. The false statements were material within the meaning of § 3C1.1 because, if believed, they would influence his sentence. Defendant therefore "willfully obstructed or impeded . . . the administration of justice with respect to . . . sentencing," and his false statement "related to" his offense of conviction. See U.S.S.G. § 3C1.1. Accordingly, the Court exercises its discretion to apply the 2-point increase for obstruction of justice under § 3C1.1.

## II. Acceptance of Responsibility

A defendant is entitled to a 2-point reduction under U.S.S.G. § 3E1.1(a) if he "clearly demonstrates acceptance of responsibility for his offense." An additional 1-point reduction may be granted if, inter alia, the defendant qualifies for a decrease under subsection (a) and upon a formal motion by the Government. See

id. § 3E1.1(b) & cmt. n.6. "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." Id. at cmt. n.4. However, there may be "extraordinary cases" in which a defendant who obstructs justice in some way is also entitled to a reduction for acceptance of responsibility. Id.

The Court finds by a preponderance that Defendant does not qualify for a reduction for acceptance of responsibility. Defendant now admits that he entered the bank branch and, with a towel-wrapped cell phone in hand, demanded money of a teller in the branch. (See Fatico Hr'g Tr. 28:14–29:1.) However, "[a] reduction for acceptance of responsibility is generally unavailable to a defendant 'who falsely denies, or frivolously contests, relevant conduct that the court determines to be true.'" United States v. McLeod, 251 F.3d 78, 82 (2d Cir. 2001) (citing U.S.S.G. § 3E1.1 cmt. n.1(A)). As noted, Defendant provided materially false testimony during his plea allocution that he did not enter the bank branch and only drove the getaway car. Moreover, Defendant accuses his former counsel of advising him to lie about his role in the robbery. The Court has already credited von Dornum's testimony to the contrary. This type of "blame game" only undermines Defendant's claims of acceptance of responsibility. Additionally, during pre-trial release, Defendant tested positive twice for marijuana use. After the Court's admonition to refrain from further drug use, Defendant tested positive again and

was remanded into custody. Such conduct also is "inconsistent with acceptance of responsibility." United States v. Harris, 13 F.3d 555, 558 (2d Cir. 1994) (citing U.S.S.G. § 3E1.1 cmt. n.3). Therefore, the Court exercises its discretion to deny a 3-point reduction for acceptance of responsibility under § 3E1.1.

### III. Calculation of Offense Level and Sentencing Guidelines Range

For the foregoing reasons, the Court applies a 2-point enhancement for obstruction of justice and denies a 3-point reduction for acceptance of responsibility. The offense level is calculated as follows:

| | |
|---|---|
| Base offense level (U.S.S.G. § 2B3.1) | 20 |
| Property of a financial institution was taken (Id. § 2B3.1(b)(1)) | +2 |
| Defendant brandished a dangerous weapon (Id. § 2B3.1(b)(2)(E)) | +3 |
| Bank's loss exceeded $10,000 (Id. § 2B3.1(7)(B)) | +1 |
| Obstruction of justice (Id. § 3C1.1) | +2 |
| **TOTAL OFFENSE LEVEL** | **28** |

Because Defendant has a criminal history category of I and total offense level of 28, the applicable Guidelines range is 78 to 97 months. Sentencing shall proceed as scheduled on July 1, 2011.

**SO ORDERED.**

DATED: June 30, 2011 _____/s/_____
    Brooklyn, New York      Sterling Johnson, Jr., Senior U.S.D.J.